NOT DESIGNATED FOR PUBLICATION

No. 129,548

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ESTEBAN O. PARRA-GUTIERREZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed April 17, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PER CURIAM: Esteban O. Parra-Gutierrez appeals an order sending him to prison after the district court revoked his probation. Parra-Gutierrez acknowledges that he violated the terms of his probation but argues that his circumstances warranted a second chance on probation. We granted Parra-Gutierrez' motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State did not object to summary disposition review. We find no abuse of discretion by the court and affirm the district court's revocation of Parra-Gutierrez' probation and imposition of his prison sentence.

After Parra-Gutierrez pled guilty to fleeing or attempting to elude an officer, a severity level 9 person felony, he was sentenced to a suspended 11-month prison term and

1

12 months of probation. During his probation, Parra-Gutierrez violated the terms of probation by committing three new crimes: (1) possession of methamphetamine; (2) possession of drug paraphernalia; and (3) driving with a revoked driving license.

At a later hearing, both Parra-Gutierrez and the State recommended that the district court should not revoke his probation; instead, he should be allowed to seek drug treatment. Despite their recommendations, the district court found revocation was more appropriate. Accordingly, the district court revoked Parra-Gutierrez' probation and imposed his 11-month prison sentence. Parra-Gutierrez appealed.

On appeal, Parra-Gutierrez argues that, because both parties recommended that Parra-Gutierrez be given the opportunity to apply for drug court and there were still treatment options available for him in the community, revoking his probation was unreasonable. He acknowledges, however, that we lack jurisdiction to review an appeal from a presumptive sentence under K.S.A. 21-6820(c)(1).

K.S.A. 22-3716 controls our analysis. Ordinarily, once a district court establishes that a probation violation has occurred, the court must order the offender to serve a two- or three-day jail sanction before revoking probation altogether. K.S.A. 22-3716(c)(1)(B). The court, however, may bypass this requirement if it finds that a new crime was committed while on probation. K.S.A. 22-3716(c)(7)(C). Parra-Gutierrez committed three new crimes while on probation.

Based on our review of the record, we find no abuse of discretion by the district court. Because Parra-Gutierrez violated the terms of his probation by committing new crimes, the district court was well within its authority to revoke Parra-Gutierrez' probation under K.S.A. 22-3716(c)(7)(C).

Affirmed.